[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on October 14, 1978 in Shelton, Connecticut. Both parties have resided continuously in this state since that time. There are two minor children issue of the marriage: Michelle Veneri, born December 18, 1981 and Lauren Veneri, born August 7, 1985.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The Court has carefully considered the criteria set forth in §§ 46b-56, 46b-81, 46b-82 and 46b-84 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
The parties have been married for approximately 16 years. Both parties are 38 years of age. The plaintiff is employed as a Radiologist/X-ray Technician. She is presently working approximately 20 hours per week and since August or 1994 she has worked an additional 10 to 12 hours per week. Her hourly rate is $17.48 per hour. The plaintiff claims a net income of $279.14 per week. It was not clear whether this net included her additional 10 to 12 hours per week.
The defendant left Sikorsky after approximately 10 years and started his own moving business. In 1993 the defendant had a gross contract for $110,000. for the year. The defendant testified his CT Page 12300 business was "pulling in" $2000 per week. The defendant's net income was difficult to compute as he takes extensive write offs for business expenses on his tax returns. The defendant did not file a tax return for 1993, although his gross income was $110,434. for the year. The defendant gave the plaintiff $600. a week to run the house during the year 1993. In addition, the defendant paid $100 a week for gas and paid $80. to $100. per week for a helper for a 6 day week.
The defendant was suspended from work in January 1994. Thereafter, he worked for his brother earning $100. per day, 6 days a week. The defendant hurt his back and collected workmen's compensation benefits of $202. or $220. per week.
The defendant returned to his moving business in September 1994. Since September 20, 1994 for the past 6 weeks, the defendant has earned close to $6500. He had $113 a week deducted for repairs to his truck in addition to paying an employee a net of $324. a week since October 11, 1994. Defendant testified that he has a contract with Advanced Delivery Systems which provides that he receives 3% of the value of the furniture he delivers for the Meriden Auction Rooms. Neither the contract not statements he has received since September 20, 1994 were provided.
The Court finds the defendant's claim of $600. net per week as suspect. The depreciation deduction, if added in, would increase the defendant's income by approximately $112. per week, based on the defendant's 1992 income tax return.
The defendant testified he gave his wife $600. per week to run the household. This amount far exceeds the total income the defendant reported for tax purposes.
In addition to giving the plaintiff $600. per week to run the household, the defendant had sufficient funds to pay for gas for his truck of at least $100. per week plus pay a helper at least $400. per week and take care of his other business expenses.
The parties continued to live together during the pendency of this dissolution. There were no Pendente Lite orders entered. During 1994, while the defendant was unemployed, the plaintiff used joint funds of $7500. to run the household and maintain herself and her family. The plaintiff also used her workmen's compensation proceeds of $3390. in addition to her income from work. CT Page 12301
Since, February 1994, the defendant has given the plaintiff $664. plus he paid one months mortgage in October 1994. During this same period of time, the defendant had worked for his brother, collected unemployment and then collected workmen's compensation before returning to his work on September 20, 1994. The first mortgage payment alone was approximately $1000. per month. The plaintiff paid eight months on the first mortgage and seven months on the Home Equity Loan at $315 a month for a total of $2205. This expenditure of approximately $10,205 has virtually used up the joint savings of the parties.
The parties were at odds over the present value of the marital home as well as the amount and where the funds came from for the initial down payment. No back up material or evidence was presented to substantiate either parties position.
The court finds the marital home has a value of $190,000. subject to a first mortgage of $102,000. and a Home Equity Loan of $44,000.
$17,000. of the Home Equity Loan was used by the defendant to purchase the truck for his business.
The plaintiff worked full time during the first five years of the marriage. She has continued to work part time since the birth of their two children. On occasion her income exceeded the defendant's. Both parties have contributed to this marriage. The defendant has a larger earning capacity and claims to earn $2000 per week in his business.
Unfortunately, the parties were unable to resolve their marital difficulties. The court declines to assess fault to either party for the breakdown of the marital relationship.
The following orders shall enter:
A. Custody
There shall be joint legal custody of the minor children with physical custody to the plaintiff.
B. Visitation
The defendant shall have reasonable, liberal and flexible visitation with the minor children to include but not be limited to CT Page 12302 the following:
1) Every Sunday from 10:30 to 7:00 P.M.;
 2) One evening during the week, with 24 hour advance notice to the plaintiff, from 4:00 to 7:30 P.M.;
 3) The defendant shall be entitled to such overnights as the parties shall agree, at least one per month;
 4) the parties shall alternate yearly the holidays of Thanksgiving, Christmas and Easter;
 5) The defendant shall have the minor children on Father's Day and the plaintiff shall have the minor children on Mother's Day;
 6) The defendant shall have the minor children for 2 weeks during the summer vacation. Said vacation may be taken either consecutively or in the form of extended weekend vacation;
 7) The parties shall alternate the Spring and Winter school vacations.
 8) The defendant shall be entitled to visitation at such other times and dates as the parties shall agree.
C. Alimony
The defendant shall pay to the plaintiff as alimony the sum of $1.00 per year until the death of the plaintiff, the death of the defendant, the plaintiff's cohabitation as defined by the statute, or until the youngest child reaches the age of 18 years, whichever event shall first occur.
D. Real Estate
1) The plaintiff shall be entitled to exclusive possession of the marital home located at 53 Peach Farm Road, Oxford, Connecticut.
2) The defendant shall vacate the premises within one week of date. He shall remove all of his personal belongings within three weeks of date. CT Page 12303
3) The plaintiff shall be responsible for the first mortgage and shall hold the defendant harmless therefrom.
4) The defendant shall be solely responsible for the Home Equity Loan owed to the Derby Savings Bank and shall hold the Plaintiff harmless therefrom. Said order is in the nature of support and maintenance for the plaintiff and said obligation of the defendant shall be nondischargeable in Bankruptcy.
5) At such time when the youngest child reaches the age of 19 years or earlier if the parties shall agree, the marital home shall be placed on the market and shall be sold.
(A) After the payment of the real estate commission, the first mortgage, the usual closing costs and attorney's fees, the net proceeds shall be divided 60% to the plaintiff and 40% to the defendant.
(B) Any unpaid balance on the Derby Savings Bank Home Equity Loan shall be deducted from the defendant's net share.
(C) The plaintiff shall be entitled to a credit for the amount by which she has reduced the principal of the mortgage.
(D) The Court shall retain jurisdiction over any disputes arising out of the sale of the real estate.
(E) Any major, capital improvements to the home in excess of $750. shall be shared, 60% by the plaintiff and 40% by the defendant. The Court has in mind for example, a new roof, or a furnace.
6. The defendant shall be responsible for any and all State and Federal tax liens on the marital home and shall hold the plaintiff harmless.
E. Personal Property
1. The defendant shall be entitled to his mechanics tools, power tools, and tool box; the table and chairs of his grandmother; bed frames; his camera and lens; a VCR; his clothing and personal effects; the stereo; one half of all family photographs and albums.
2. The parties are referred to Family Relations Office to CT Page 12304 mediate the disposition of the family room furniture, linens, kitchen ware, the old video recorder, heater, gas grill and cordless phone, in the event they are unable to agree on these items.
3. The remainder of the household furnishings and furniture shall be the property of the plaintiff.
F. Other property
1. The plaintiff shall be entitled to the U.S[.] Bonds, the IRA and her checking and savings accounts.
2. The defendant shall retain the Grady Motor Boat and the plaintiff shall execute whatever documents are necessary.
3. The plaintiff shall quit claim any and all interest she has in the Florida Time Share to the defendant. The defendant shall hold the plaintiff harmless from any liability including the mortgage in connection with said time share.
4. The plaintiff shall retain the 1986 Buick motor vehicle and the defendant shall execute whatever paper work is necessary to effectuate title in the plaintiff's name alone.
5. The defendant shall retain the 1978 Chevrolet pick-up and the plaintiff shall execute whatever paperwork is necessary to effectuate title in the defendant's name alone.
G. Child Support
In her claims for relief, the plaintiff requested $165. per week total support for the two minor children. The defendant offered to pay $158 per week total child support.
The evidence presented at trial has cast doubts on the net earnings as reflected on the defendant's financial affidavit. The defendant claims he has earned $1500 gross per week since September 20, 1994. Giving the defendant credit for business expenses and deductions in the amount of $500 to $600 per week (approximately) would leave a net of approximately $1000 per week. The defendant did not file a 1993 Income Tax Return. The defendant's gross income in 1992 was $121,406. and his gross income in 1993 was $110,434.
The defendant would have the Court use 1992 expenses and CT Page 12305 deductions for 1994 income. The burden is on the defendant to provide appropriate information as to his expenses, deductions and income.
Based on the evidence and exhibits presented, which the court has reviewed, the court enters an award of child support in the amount of $200. per week. Said support shall be paid until each child reaches the age of 19 years or completes 12th grade, the death of said child or emancipation.
Said order of support shall commence immediately.
H. Medical Coverage
1. The plaintiff shall continue to keep the minor children on the medical insurance as is available to her through her employment. Any unreimbursed medical or dental expenses shall be equally divided between the parties.
2. The defendant shall be entitled to such COBRA benefits as are available on the plaintiff's medical insurance at the defendant's expense, for a period of three years.
I. Life Insurance
The defendant shall name the minor children as irrevocable beneficiaries on his present Life Insurance which is in the amount of $100,000, for so long as he has an obligation for child support. This provision shall be modifiable. The defendant shall be responsible for the payment of the premiums on said Insurance.
J. Pensions
Each party shall retain their respective pension free from any claim by the other.
K. Tax Exemption
The plaintiff shall be entitled to claim the two minor children as dependents for tax purposes for the year 1994.
Thereafter, the defendant shall be entitled to claim the youngest child as a dependent for tax purposes provided the defendant is current in child support as of December 31st. CT Page 12306
L. Counsel Fees
Each party shall be responsible for their respective counsel fees.
M. Liabilities
1. The plaintiff shall be responsible for the debts as listed in her financial affidavit and shall the defendant harmless therefrom.
2. The defendant shall be responsible for the debts as listed on his financial affidavit and shall hold the plaintiff harmless therefrom.
N. Parenting Education
Both parties are ordered to complete the Parenting Education Program within a reasonable period of time. Both parties need to be aware of the effects of their dissolution on their children.
COPPETO, J.